TELCO LEASING, INC.,
Plaintiff–Appellant,

v.

TRANSWESTERN TITLE CO., d/b/a
California Land Title Co. of Marin,
Defendant–Appellee.

No. 78–2209.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1980.

Decided Oct. 20, 1980.

Howard D. Hollander, Chicago, Ill., on brief; Robert Handelsman, Chicago, Ill., for plaintiff–appellant.

C. John Bernt, San Rafel, Cal., for defendant–appellee.

Before TANG and PREGERSON, Circuit Judges, and KELLEHER *, District Judge.

KELLEHER, District Judge:

The appellant, Telco Leasing, Inc., an Illinois corporation, appeals from the district court's order granting summary judgment in favor of the appellee, Transwestern Title Co., d/b/a California Land Title Co., a California corporation, and from the district court's subsequent judgment granting the appellee's motion for attorney's fees. The complaint alleged that the appellee breached a contract to lease telephone equipment by its failure to make lease payments.

The action was filed on April 2, 1976 in the Circuit Court of Cook County, Illinois, and thereafter removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1441. The action was then transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). On February 2, 1978, the district court entered an order granting the appellee's motion for summary judgment. On May 1, 1978, the district court entered a judgment granting the appellee's motion for attorney's fees and costs in the sum of $3,162.25. As discussed *infra*, we affirm the district court's order granting summary judgment, but reverse the judgment awarding attorney's fees.

I

On December 20, 1972, the parties entered into a "lease agreement" wherein the appellant would purchase specified telephone equipment from the American Telephone Co. of San Jose, California, and lease it to the appellee. The lease agreement contained a "description of equipment" which set forth the obligations of the appellant under the terms of the agreement. Included therein were the words "All labor and installation." On December 29, 1972, the appellant issued its purchase order for the equipment to the American Telephone Co., which also provided for "all labor and installation." On May 8, 1973, the appellee acknowledged receipt of the equipment "in good order and condition." The appellee made lease payments of $235.58, but thereafter refused to make payments on the ground that the equipment was not installed. The appellee's uncontroverted affidavits establish that the equipment was not installed through no fault of the appellee, and was returned after three months. Based thereon, the district court granted summary judgment in favor of the appellee.

We agree that the failure of the appellant to provide installation of the equipment relieved the appellee of its obligation to make lease payments, and that summary judgment was proper on that ground alone. Appellant's contention that the lease agreement did not require it to provide installation is unsupportable in light of the clear language of the lease. As previously noted, the agreement, executed solely between the appellant and the appellee, provided on its face for "all labor and installation." The appellant's reliance on paragraph four of the lease, which provides that the lessee hires and rents the equipment "as is," is misplaced. That sentence is contained in the context of a general disclaimer by the lessor concerning the condi-

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

tion of the equipment and its suitability and fitness for the particular purpose of the lessee, and has no application whatsoever to the question of installation. Such a provision cannot reasonably be construed to negate a specific obligation of the lessor contained in the agreement.

The lease agreement expressly provided that the law of Illinois would apply in any action brought to enforce the lease. In this regard, the district court correctly applied Illinois law to the effect that the failure of the appellant to perform a material contractual obligation precludes it from any recovery. *George F. Mueller & Sons, Inc. v. Northern Illinois Gas Co.*, 32 Ill.App.3d 249, 336 N.E.2d 185 (1975). Further, because the contract is clear on its face, the appellant cannot rely on extrinsic evidence to vary the terms of the agreement. *World Ins. Co. v. Smith*, 28 Ill.App.3d 1022, 329 N.E.2d 518 (1975). Thus, the appellant's contention that it was not obligated to install the equipment does not raise a factual issue sufficient to preclude summary judgment. Accordingly, the district court's order granting summary judgment is affirmed.

## II

### Attorney's Fees

The appellant argues for the first time on appeal that the district court erred in applying the law of California rather than Illinois in granting the appellee's motion for attorney's fees. Under the law of Illinois, attorney's fees are not recoverable unless specifically allowed by statute or contract. *City of Chicago v. F.E.P.C.*, 65 Ill.2d 108, 2 Ill.Dec. 711, 357 N.E.2d 1154 (1976). In this case the lease agreement provided only for the recovery of attorney's fees in favor of the lessor (appellant) in any action to enforce the lease. The appellee premised its motion, however, on California Civil Code § 1717 which makes reciprocal the entitlement to attorney's fees in the event a contract makes attorney's fees available to one party but not the other. The appellant did not dispute the application of California law, and the district court granted judgment in the sum of $3,162.25.

We believe that in applying the law of California, rather than Illinois, the district court committed plain error, and the judgment awarding attorney's fees should be reversed. Paragraph 16 of the lease agreement specifically provided for the application of Illinois law in a dispute concerning the agreement. In the absence of public policy considerations, which do not appear to be present here, such contractual provisions are enforced. *Lauritzen v. Larsen*, 345 U.S. 571, 588–89, 73 S.Ct. 921, 931–932, 97 L.Ed. 1254 (1953).

We are, of course, cognizant of the general rule that an appellant's failure to interpose an objection at the trial court level will ordinarily foreclose him from raising that issue on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). In certain cases, this rule will apply to an appellant's failure to raise a conflicts of law issue concerning attorney's fees. *See, e. g., Michael–Regan Co., Inc. v. Lindell*, 527 F.2d 653 (9th Cir. 1975). Nevertheless, the rule of waiver is one of discretion rather than appellate jurisdiction, and this Circuit recognizes an exception under which an appellate court will review an issue not previously raised in the district court. In *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978), the Court noted that when "the issue conceded or neglected in the trial court is purely one of law and either does not affect or rely upon the factual record developed by the parties, [citations omitted], . . . the court of appeals may consent to consider it." *See also, Hansen v. Morgan*, 582 F.2d 1214, 1217 (9th Cir. 1978); *Foster v. United States*, 329 F.2d 717 (2d Cir. 1964).

The issue of attorney's fees presented by this case falls squarely within that limited category wherein the determination to be made is solely one of law, and its "proper resolution is beyond any doubt." *Singleton v. Wulff, supra*, 428 U.S. at 121, 96 S.Ct. at 2877, 49 L.Ed.2d at 826. District courts are required to apply state law in diversity actions with regard to the allow-

ance of attorney's fees. *Michael–Regan Co., Inc. v. Lindell, supra,* at 656. In this regard, the lease agreement specifically provided for the application of Illinois law in a dispute concerning the lease. For that reason, the proper resolution of the issue does not rely on or affect the factual record developed by the parties, nor does it depend on any complex conflicts analysis. The case was transferred from the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), and the applicable state law is that which would have been applied by the transferor court. *See Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 820–821, 11 L.Ed.2d 945 (1964). Though we view the proper result to be the same had the case originally been filed in the district court in California, there can be no question that the Illinois district court would have applied Illinois law to the issue of attorney's fees.

Finally, we note that previous cases in which the rule of waiver was applied to an issue not raised in the district court involved considerations not presented here. In *Leopold v. United States,* 510 F.2d 617, 622 n.3 (9th Cir. 1975), for example, the Court noted that the issue presented for the first time on appeal involved genuine factual questions. Similarly, in *Pacific National Insurance Co. v. United States,* 422 F.2d 26 (9th Cir.), *cert. denied,* 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970), the record developed in the district court was inadequate for proper consideration of the issue. *Michael–Regan Co., Inc. v. Lindell, supra,* is also distinguishable in that it presented a relatively complex problem of conflicts analysis necessarily involving a weighing of points of contacts to the forum.

The district court is affirmed with respect to the entry of summary judgment in favor of the appellee but reversed on the part of the judgment awarding attorney's fees. The action is remanded to the district court with directions to enter an amended judgment not inconsistent with this Opinion.

Affirmed in Part, Reversed in Part and Remanded.