249 F.3d 1087 (9th Cir. 2001)
 JOAN PLASTIRAS MYERS, PLAINTIFF-APPELLANT,
v.
MERRILL LYNCH & CO., INC.; PAINEWEBBER GROUP, INC.; MORGAN STANLEY; DEAN WITTER; TRAVELERS GROUP, INC.; LEGG MASON INC.; BEAR, STEARNS & CO., INC., DEFENDANTS-APPELLEES,
AND
H. J. MEYERS & CO., DEFENDANT.
 No. 99-17113
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted April 11, 2001.
Filed May 16, 2001
 
 Joseph J. Tabacco, Jr., Berman, Devalerio, Pease & Tabacco, San Francisco, California, for the plaintiff-appellant.
 Jonathan C. Dickey, Gibson, Dunn & Crutcher, Palo Alto, California, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California William H. Orrick, Jr., District Judge, Presiding. D.C. No. CV-98-03532-WHO
 Before: Mary M. Schroeder, Chief Judge, Dorothy W. Nelson, and Johnnie B. Rawlinson, Circuit Judges.
 
 Schroeder, Chief Judge
 
 1
 This is a securities action brought under §§ 17200 and 17500 of the California Business and Professions Code. The action was originally filed in state court by the named plaintiff, Joan Myers. The defendants, various investment banking firms, removed on both diversity and federal question grounds, in order to assert their preemption defenses in federal court.
 
 
 2
 The district court, in a published opinion, granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), holding that all of plaintiff's claims were preempted by federal regulation of securities transactions. See Myers v. Merrill Lynch & Co., Inc., No. C-98-3532-WHO, 1999 WL 696082 (N.D. Cal. Aug. 23, 1999). We agree with the district court's reasoning and do not repeat it. See id. at *7-10. The claims are preempted by the National Securities Market Improvement Act of 1996, see 15 U.S.C. § 77r (2000); Pub. L. No. 104-290, 110 Stat. 3416 (1996), and by Regulation M as promulgated by the Securities and Exchange Commission, see SEC Release Nos. 33-7375 & 34-38067, 62 Fed. Reg. 520, 521, 537 (Jan. 3, 1997); SEC Rule 104(h)(2); 17 C.F.R. §§ 242.104(h)(2) & (h)(3) (2000).
 
 
 3
 As presented to the district court, plaintiff's claims were a broad gauge attack on the widespread practice in the securities industry of discouraging potential purchasers of stock in public offerings from quickly reselling or "flipping" their shares in order to turn a quick profit. The challenged practices included the imposition of so-called penalty bids on investors who resell too quickly.
 
 
 4
 On appeal, plaintiff has renewed the arguments she unsuccessfully advanced in the district court, but, in addition, she has endeavored to isolate from the rest of the case one narrow claim challenging the conduct of individual brokers who fail to disclose selling restrictions on securities. Plaintiff now contends that this narrow claim is not preempted by federal securities laws because it is predicated on a more general state law duty to disclose material facts. See, e.g., Cipollone v. Liggett Group, Inc., 505 U.S. 504, 528-29 (1992). So framed, plaintiff argues that injunctive relief is warranted.
 
 
 5
 Regardless of whether such a narrow challenge could be segregated from the practices more generally regulated under the federal securities laws, plaintiff did not attempt to segregate such a claim in the district court. Nor did the district court decipher any such discrete claim from plaintiff's complaint, as the court properly treated all of plaintiff's broad contentions as relating to securities practices expressly regulated by federal law. Thus the plaintiff now asks for the first time on appeal that such a claim be considered separately and held not to be preempted.
 
 
 6
 While we can, in our discretion, consider issues of law raised for the first time on appeal, see In re America West Airlines, Inc., 217 F.3d 1161, 1165 (9th Cir. 2000), we decline to do so in this case. The defendants have pointed out that the history of Regulation M suggests that the SEC may have made a conscious decision not to require the disclosure, by individual brokers to small investors, that the plaintiff now demands. See SEC Release Nos. 33-7375 & 34-38067, 62 Fed. Reg. 520, 537-38 (Jan. 3, 1997) ("In addition to the foregoing disclosure requirements, when a person subject to Rule 104 conducts transactions in securities and the price of those securities may be or has been stabilized, that person is required by paragraph (h)(3) of Rule 104 to send to a purchaser, at or before the completion of the transaction, a document containing a statement similar to that required by Item 502(d)(1)(i) of Regulations S-B and S-K . . . . The Commission proposed, but is not adopting at this time, that similar disclosure be given to the purchasers of securities subject to aftermarket activities. The Commission intends to reconsider the need for this disclosure as it continues to review developments in the aftermarket area."). We do not attempt to resolve the issue definitively here. We hold only that plaintiff has provided no basis on which the district court's judgment should be disturbed.
 
 
 7
 The judgment of the district court is AFFIRMED.