BETTY B. FLETCHER, Circuit Judge,
concurring:
I concur in the majority opinion affirming the district court’s denial of the Miranda claim and the claim of ineffective assistance during the guilt phase, and its reversal of the district court’s denial of the claim of ineffective assistance during the sentencing phase. I also concur in remanding for an evidentiary hearing on that claim.
I write separately because I find an additional ground for reversal of the district court’s denial of the ineffective assistance claim during the sentencing phase. Stanley has alleged a colorable claim of ineffective assistance for the failure to call mental health experts during sentencing. He argues that competent counsel would have called mental health experts to testify to two types of evidence: “Stanley’s mental health, his low IQ ... [and] how the drug and alcohol abuse could have affected his actions on the night of the crime.” Such evidence, properly presented, has a “reasonable probability” of affecting the outcome of the sentencing proceeding. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Thus, I would expand the scope of the evidentiary hearing on remand to include whether Stanley’s constitutional right to effective assistance of counsel was violated by his lawyer’s failure to call any mental health experts at sentencing.
*627 The majority does not include this aspect of Stanley’s appeal in its reversal for two reasons, each of which I will address in turn. First, the majority refuses to consider trial counsel’s failure to present expert testimony on Stanley’s general mental capacity because “in the district court he confined his challenge to counsel’s failure to offer the testimony of experts regarding his impairment due to substance abuse at the time of the offense. We limit our review to the issue raised in the district court.” Majority Op. 622, n. 6, citing Gallego v. McDaniel, 124 F.3d 1065, 1072 n. 7 (9th Cir.1997). But it was adequately raised. Stanley argued to the district court that his lawyers were ineffective in pursuing mitigation based on mental capacity. His Petition for Writ of Habeas Corpus stated that,
In the sentencing hearing, trial counsel failed to call any of the mental health experts as witnesses. Furthermore, he failed cite [sic] the above conclusions of the experts in the sentencing hearing or argue that their reports established the existence of a statutory mitigating circumstance pursuant to ARS § 13-703(G)(1).
ARS § 13-703(G)(1) is not specific to drug abuse evidence, but pertains to mental incapacity in general: “The defendant’s capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution.” The essence of Stanley’s argument on appeal is that his lawyers should have presented the available evidence of impaired capacity, evidence of his low IQ, the head trauma he suffered as a child, and his chronic substance abuse from an early age. It is true that in his Petition to the district court, Stanley referred specifically to his lawyer’s failure to present the mental health experts’ conclusions regarding his substance abuse. However, the underlying claim— ineffective assistance based on failure to present expert witness testimony on impaired capacity (ARS § 13-703(G)(1)) — includes more than just that one type of evidence, and was raised in the district court.
Moreover, even if I were to accept the majority’s view on this issue, I would still find that justice requires us to include it in our review. Waiver, after all, is not a jurisdictional limitation, and we retain discretion to consider issues for the first time on appeal. See, e.g., Myers v. Merrill Lynch & Co., 249 F.3d 1087, 1088 (9th Cir.2001); Telco Leasing, Inc. v. Transwestern Title Co., 630 F.2d 691, 693 (9th Cir.1980). The state was not prejudiced in its ability to respond to this issue and vigorously argued it on appeal.
Second, the majority rejects Stanley’s claim of ineffective assistance for failure to present evidence to explain the cumulative effects of Stanley’s chronic substance abuse, because “he has failed to present evidence to support his contention, other than the evidence presented at trial.” Majority Op. 622, citing Cox v. Del Papa, 542 F.3d 669, 681 (9th Cir.2008) (“Without any specification of the mitigating evidence that counsel failed to unearth, [the petitioner’s] claim must fail.”) (citation omitted). I disagree. Stanley has argued that his counsel provided ineffective assistance at sentencing because, “[a]lthough a few witnesses did testify very briefly about drug use, there was no testimony ... to explain, from a scientific standpoint, how the drug and alcohol abuse could have affected his actions on the night of the crime.” That is enough suggestion of “what additional testimony would have been given by the experts” to make out a colorable claim of prejudice and to entitle Stanley to a hearing on the matter. Majority Op. 622. See Caro v. Calderon, 165 F.3d 1223, 1227 (9th Cir.1999) (as amended) (finding that although the jury had information on defendant’s background, it *628 did not “have the benefit of expert testimony to explain the ramifications of [this background] on Caro’s behavior”); Frierson v. Woodford, 463 F.3d 982, 994 (9th Cir.2006) (“The district court misapprehended the different purposes for the drug evidence at each phase of trial. Evidence of a history of chronic drug abuse may not have been sufficient to demonstrate that [defendant] lacked the requisite mental state for the crime, but the extent of [defendant’s] drug use from an early age was an important mitigating factor that the jury did not have an opportunity to consider.”)
Therefore, while I concur in the majority opinion, I am compelled to set out these additional reasons for reversing the district court and remanding for an evidentiary hearing.