**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FIRST INTERCONTINENTAL BANK, a Georgia State Chartered Federally Insured Bank,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>CHRISTINA AHN,<br>*Defendant-Appellee*. | No. 13-56097<br><br>D.C. No. CV11-08764-RGK<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge

Argued and Submitted
June 5, 2015—Pasadena, California

Filed August 18, 2015

Before: Milan D. Smith, Jr. and N. Randy Smith, Circuit
Judges, and Joan H. Lefkow,* Senior District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

*  The Honorable Joan Humphrey Lefkow, Senior District Judge for the
United States District Court for the Northern District of Illinois, sitting by
designation.

## SUMMARY[**]

### Choice-of-Law

The panel affirmed the district court's decision awarding attorney's fees to defendant-appellee in a diversity breach of contract action between a bank and defendant-appellee.

The parties' agreement specified that Georgia law applied to any dispute.  The defendant-appellee filed a motion for attorney's fees and costs pursuant to California Civil Code § 1717(a), which makes reciprocal otherwise unilateral attorney's fees clauses in contract.

The panel held that California's choice-of-law rules governed the question of whether Georgia or California law applied to the attorney's fees issue, where the diversity action for breach of contract was brought in California.  The panel held that California applies the approach set out in the Restatement (Second) of Conflict of Laws § 187 to determine the law that applies to a contract with a choice-of-law clause.

Applying California choice-of-law principles, the panel held that the district court correctly concluded that California law, including California Civil Code § 1717(a), governed the outcome of the case, and awarded attorney's fees to defendant-appellee.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

S. Young Lim (argued), Park & Lim, Los Angeles, California, for Plaintiff-Appellant.

Natalie Ikhlassi (argued) and Helen B. Kim, Thompson Coburn LLP, Los Angeles, California, for Defendants-Appellees.

**OPINION**

M. SMITH, Circuit Judge:

In this appeal, we apply California choice-of-law rules to determine whether California law or Georgia law governs an attorney's fees dispute between Plaintiff-Appellant First Intercontinental Bank (Bank) and Defendant-Appellee Christina Ahn (Christina). We conclude that California law, specifically California Civil Code § 1717(a), governs the attorney's fees dispute, and we affirm the district court's decision awarding attorney's fees to Christina.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.  Factual Background**

In March of 2009, First Intercontinental Bank, a bank chartered in Georgia, with its principal place of business in Doraville, Georgia, made a purchase money loan of $1,939,907.72 to AEHCC and Christina in connection with their purchase of a hotel. Christina's parents, Edward Ahn and Helen Ahn, guaranteed the loan. Christina, Edward Ahn, and Helen Ahn are residents of California. AEHCC is a

Colorado limited liability company with its principal place of business in California.

The promissory note included in the loan agreement documentation specified: "This Note is intended as a contract under and shall be construed and enforceable in accordance with the laws of the State of Georgia." The note also contained a non-reciprocal attorney's fees clause, providing: "In the event this Note, or any part hereof, is collected by or through an attorney at law, Borrower agrees to pay all costs of collection, including but not limited to reasonable attorney's fees actually incurred."

In December of 2009, the Bank released Christina from her obligations under the loan, and Christina executed a quitclaim deed that transferred her interest in the hotel to AEHCC. On March 9, 2010, the Bank's Board of Directors voted to remove Christina as a borrower on the loan. Christina's parents, Edward Ahn and Helen Ahn, remained as guarantors of the loan.

In June of 2011, AEHCC ceased making payments on the loan, and in September of 2011, the Bank sent a letter to Christina's parents demanding that they honor their guarantees.

## II. Prior Proceedings

When Edward Ahn and Helen Ahn failed to respond to the Bank's demands for payment on their guarantees, the Bank filed an action in the Central District of California against Edward Ahn, Helen Ahn, Christina, and AEHCC for breach of contract and breach of guaranty. The district court granted summary judgment to the Bank on all claims against

AEHCC, Edward Ahn, and Helen Ahn. However, the district court also granted summary judgment to Christina, holding that the Bank had released her in December of 2009 from any obligations under the loan. None of the parties appealed these decisions.

On February 22, 2013, Christina filed a Motion for Attorney's Fees and Costs pursuant to California Civil Code § 1717(a), which makes reciprocal otherwise unilateral attorney's fees clauses in contracts. The Bank contended that California Civil Code § 1717(a) was inapposite, and that Georgia law should govern the attorney's fees dispute. The district court held that California law applied to the attorney's fees dispute, and awarded attorney's fees to Christina pursuant to California Civil Code § 1717(a).

This timely appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

The district court had subject matter jurisdiction over the attorney's fees dispute pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We review de novo the district court's legal conclusions, including its decision that California law applies to the attorney's fees dispute. *See Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994 (9th Cir. 2010).

## DISCUSSION

The central issue in this case is whether Georgia law or California law applies to the parties' attorney's fees dispute.

## I.  Legal Standard

We begin by determining whether Georgia's or California's choice-of-law rules apply in this case.   In diversity jurisdiction cases, such as this one, we "apply the substantive law of the forum in which the court is located, including the forum's choice of law rules." *Ins. Co. of North Am. v. Fed. Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999). The Bank brought its action for breach of contract in the Central District of California.   The district court thus correctly determined that California's choice-of-law rules govern the question of whether Georgia or California law applies to the attorney's fees issue.

California follows the approach set out in the Restatement (Second) of Conflict of Laws § 187 to determine the law that applies to a contract with a choice-of-law clause.  *See Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1153 (Cal. 1992).   Under § 187, a California court begins its analysis by determining "whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law."  *Washington Mut. Bank, FA v. Superior Court*, 15 P.3d 1071, 1078 (Cal. 2001) (quoting *Nedlloyd Lines B.V.*, 834 P.2d at 1152).   If this is the case, the court then determines whether California would "be the state of the applicable law in the absence of an effective choice of law by the parties."   Restatement (Second) of Conflict of Laws, § 187(2).  If the chosen forum has a substantial relationship to the parties or their transaction but California law would apply in the absence of a choice-of-law provision, the court then determines whether the relevant portion of the chosen state's law is contrary to a fundamental policy in California law.  If there is such a conflict, the court finally determines

whether California has a "'materially greater interest than the chosen state in the determination of the particular issue . . . .'" *Washington Mut. Bank, FA*, 15 P.3d at 1078 (quoting *Nedloyd Lines B.V.*, 15 P.3d at 1078). If all of these criteria are met, the court applies California law. Otherwise, the court applies the law of the forum selected in the contract.

## II. Application of California Choice-of-Law Principles

### A. Georgia Has a Substantial Relationship to the Parties in the Transaction

The loan agreement between Christina and the Bank specifies that Georgia law applies to any dispute. Additionally, the Bank is chartered in Georgia, its principal place of business is in Georgia, and it drafted the contract and related documents in Georgia. Accordingly, there is a reasonable basis for the choice-of-law provision contained in the loan agreement documents.

### B. The Application of California Law in the Absence of the Choice-of-Law Provision

We next assess whether California would apply its own law to the dispute in the absence of the choice-of-law provision selecting Georgia law. In addressing this issue, Restatement (Second) of Conflict of Laws § 188 directs us to consider: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties."

### 1.  Place of Contracting

When adjudicating the underlying breach of contract claim in this case, the district court concluded that the Bank and Christina negotiated and executed the contract in both California and Georgia, and that Christina signed the contract in California. These facts do not favor the application of either California or Georgia law.

On appeal, the Bank contends that it is unclear where the parties executed the loan agreement because Christina may not have even signed the loan documents, or been present when she signed the agreements by proxy.  According to the Bank, because the place of execution is unclear, the balance tips in favor of applying Georgia law.  The Bank's argument is unavailing for two reasons.

First, its contentions, at best, only establish that it is unclear where the parties executed the agreements, which brings us no closer to resolving the question of which state's law would apply to the present dispute.  Second, the doctrine of judicial estoppel prevents the Bank from asserting that Christina did not sign the loan agreements in California. "[J]udicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000)). In her motion for summary judgment in the breach of contract action, Christina argued that she did not sign and execute the contract at issue.  In response, the Bank acknowledged that "Christina Ahn made, executed and delivered [the contract] to Plaintiff."  The Bank also submitted documents into evidence that indicated Christina had executed the

agreements in California, and that bore Christina's signature. After reviewing the evidence, the district court concluded that Christina had signed the agreements in California. Judicial estoppel prevents the Bank from contradicting this finding, and asserting that Christina did not sign the loan documents in California. We see no reason to disturb the district court's factual findings that the contract was executed in both Georgia and California.

### 2.  Place of Negotiation of the Contract

Based on the record, it is undisputed that the contract was negotiated in both California and Georgia, which again does not favor the selection of the law of either forum.

### 3.  Place of Performance

The record is unclear as to the place of performance of the contract. The note states that payments from Christina to the Bank were due in Georgia, but it is unclear where Christina made payments on the note.

### 4.  Location of the Subject Matter of the Contract

The contract was for the purpose of refurbishing a hotel in Louisiana, a forum unrelated to either California or Georgia.

### 5.  Citizenship of the Parties

Finally, the domicile or citizenship of the parties does not compel the application of Georgia or California law. As noted *supra*, Christina is a citizen of California, while the Bank is a citizen of Georgia.

Applying the factors in Restatement § 188 does not lead us to a clear conclusion as to whether California or Georgia law would apply in the absence of the choice-of-law clause. Accordingly, we adopt the approach of the California District Court of Appeals, which has determined that California law would apply in circumstances analogous to those we analyze here.

### 6.  *Grove Properties*

In *ABF Capital Corporation v. Grove Properties Company*, a case involving a conflict between New York and California law concerning attorney's fees, the California District Court of Appeals confronted a situation similar to the one we consider here.  23 Cal. Rptr. 3d 803 (Ct. App. 2005). In that case, which involved a California defendant contracting with a New York plaintiff to purchase oil and gas interests in Oklahoma and Texas, the parties had selected New York law to govern the contract.  As in this case, the analysis of which state's law would have applied in the absence of the forum-selection clause was unclear based on § 188 of the Restatement.  The California District Court of Appeals ultimately decided that California law would have applied primarily because California has a fundamental policy interest in protecting its citizens "from unfair litigation tactics or procedures," including non-reciprocal attorney's fees clauses.  *Id*. at 815.  *See also* Section II.C, *infra*.

We are persuaded by the reasoning in *Grove Properties* because the same policy interest is at issue here.  Christina, a California citizen, would be on the losing end of a non-reciprocal attorney's fees clause when litigating in a California court.  We therefore conclude that, in the absence of the choice-of-law provision in the contract, a California

court would apply California law to the attorney's fees dispute between Christina and the Bank.

The Bank urges us to reject the *Grove Properties* approach and instead adopt the holding of the California District Court of Appeals in *ABF Capital Corp. v. Berglass*, 30 Cal. Rptr. 3d 588 (Ct. App. 2005). Although the facts in *Grove Properties* and *Berglass* are substantially similar, the *Berglass* court applied New York law, rather than California law, in part because it concluded that New York's law would have applied in the absence of a New York choice-of-law clause. *Id.* at 596–97. We believe that *Berglass* is inapposite here for two reasons.

First, the *Berglass* court distinguished that case from *Grove Properties* on the ground that it did "not know where [the] defendant executed the contract or the parties negotiated the contract." *Id.* at 597. By contrast, there was evidence in *Grove Properties* "that the contract was negotiated in both California and New York and was made in California." *Id.* The case before us is more like *Grove Properties* because the district court clearly found that the contract was negotiated and executed in both California and Georgia.

Second, *Berglass* did not give sufficient weight to one of the primary purposes of California Civil Code § 1717(a), which seeks to ensure that California citizens do not fall victim to non-reciprocal attorney's fees clauses when litigating in California courts. *See* Section II.C, *infra*. The *Berglass* court only recognized that the policy underlying § 1717 was to enhance "free and *equal* access to the courts . . . by preventing the oppressive use of one-sided fee provisions," 30 Cal. Rptr. 3d at 597, and held that New York effectuated the same policy "by enforcing strictly the parties'

intentions." *Id.*  In *Grove Properties*, on the other hand, the Court of Appeals concluded that California had a stronger interest in "enforcing the equitable rules governing access to *its courts*—including the reciprocal attorney fees rule—than New York has in assuring the enforcement of New York law concerning attorney fees." *Grove Props. Co.*, 23 Cal. Rptr. 3d at 813 (emphasis added).  *Grove Properties* thus recognizes that one of the fundamental purposes of § 1717 is to ensure that California citizens in a disadvantageous bargaining position are protected against non-reciprocal attorney's fees clauses when litigating in California courts. We apply the law from *Grove Properties*, and conclude that California law would have applied to the contract at issue here in the absence of the choice-of-law provision selecting Georgia.

### C.  California's Fundamental Policy Against Non-Reciprocal Attorney's Fees Clauses

We next consider whether Georgia law permitting non-reciprocal attorney's fees clauses is contrary to a fundamental public policy in California law.  To determine the public policy of a state, "the Constitution, laws, and judicial decisions of that state, and as well the applicable principles of the common law, are to be considered." *Twin City Pipe Line Co. v. Harding Glass Co.*, 283 U.S. 353, 357 (1931).  Based on our review of existing legal authorities, we conclude that California has a fundamental policy disfavoring non-reciprocal attorney's fees clauses in litigation in its state courts.

California generally enforces parties' freely-negotiated choice-of-law clauses.  *See Washington Mut. Bank, FA*, 15 P.3d at 1078–79.  As the California Supreme Court held:

> It is to the interest of the public generally that the right to make contracts should not be unduly restricted, and no agreement will be pronounced void, as being against public policy unless it clearly contravenes that which has been declared by statutory enactment or by judicial decisions to be public policy, or unless the agreement manifestly tends in some way to injure the public.

*Jensen v. Traders & Gen. Ins.* 345 P.2d 1, 6 (Cal. 1959) (quoting *Spangenberg v. Spangenberg*, 126 P. 379, 382 (Cal. Ct. App. 1912)).

However, the California legislature has prohibited the use of non-reciprocal attorney's fees through California Civil Code § 1717(a), which provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Section 1717's "effect is to make an otherwise unilateral right to attorney fees reciprocally binding upon all parties to actions to enforce the contract." *Xuereb v. Marcus & Millichap, Inc.*, 5 Cal. Rptr. 2d 154, 157 (Ct. App. 1992).

The California Supreme Court has yet to rule on whether § 1717 embodies a fundamental policy of the state, although it has recognized that one of the primary purposes of § 1717 is "to prevent oppressive use of one-sided attorney's fees provisions." *Reynolds Metals Co. v. Alperson*, 599 P.2d 83, 85 (Cal. 1979). "When the state's highest court has not squarely addressed an issue, we must 'predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treaties and restatements for guidance.'" *Glendale Assocs., Ltd. v. Nat'l Labor Relations Bd.*, 347 F.3d 1145, 1154 (9th Cir. 2003) (quoting *Nat'l Labor Relations Bd. v. Calkins*, 187 F.3d 1080, 1089 (9th Cir. 1999)).

The California District Court of Appeals has held that "California does have a fundamental policy concerning the reciprocity of attorney fee provisions in contracts." *Grove Props. Co.*, 23 Cal. Rptr. 3d at 810. Soon after the legislature passed § 1717, the Court of Appeals also concluded that the statute "is part of an overall legislative policy designed to enable consumers and others who may be in a disadvantageous contractual bargaining position to protect their rights through the judicial process by permitting recovery of attorney's fees incurred in litigation in the event they prevail." *Coast Bank v. Holmes*, 97 Cal. Rptr. 30, 39 n.3 (Ct. App. 1971). *See also Milman v. Shukhat*, 27 Cal. Rptr. 2d 526, 529 (Ct. App. 1994) ("Section 1717 was enacted in 1968. It is one of several similarly worded statutes which are recognized as being part of an overall legislative policy designed to enable consumers and others who may be in a disadvantageous contractual bargaining position to protect their rights through the judicial process by permitting recovery of attorney's fees in the litigation in the event they prevail." (citations omitted)).

Federal courts have also concluded that California has a fundamental policy against non-reciprocal attorney's fees clauses. Our circuit has yet to address this issue in a published decision, but in an unpublished decision, we concluded that "California law requiring mutuality of attorneys' fees provisions reflects a strong public policy, overriding another strong public policy of freedom of contract." *See Daniel Indus., Inc. v. Barber-Colman Co.*, 8 F.3d 26 (9th Cir. 1993) (table) (citing *Harbor View Hills Community Ass'n. v. Torley*, 7 Cal. Rptr. 2d 96, 99-100 (Ct. App. 1992)). Additionally, in *Ribbens International, S.A. de C.V. v. Transportation International Pool, Inc.*, a district court in the Central District of California held that § 1717 is "mandatory, unavoidable and emphatic. Section 1717(a) is no default provision or gapfiller, subject to override by the parties. Rather, it represents a basic and fundamental policy choice by the state of California that nonreciprocal attorney's fees contractual provisions create reciprocal rights to such fees." 47 F. Supp. 2d 1117, 1122 (C.D. Cal. 1999).

Having considered these authorities, we are persuaded that if the issue were presented to the California Supreme Court, it would conclude that Civil Code § 1717 reflects a fundamental policy of the state of California, and we hold that it is.

### D.  California Has a Materially-Greater Interest than Georgia in this Dispute

In addressing whether California had a materially-greater interest than New York in an attorney's fees dispute analogous to the one we face here, the California District Court of Appeals focused on: (1) whether the parties chose to bring litigation in a California state court, and (2) the

citizenship of the parties. *Grove Props. Co.*, 23 Cal. Rptr. at 812–13. Applying these two factors here, we conclude that California has a materially-greater interest in the attorney's fees dispute than does Georgia.

### 1.  Choice To Bring Litigation in California Court

We first examine whether "the party choosing the litigation availed itself of California courts. Fair access to California courts is a significant part of the policy underlying Civil Code section 1717." *Id*. at 812. In this case, the Bank filed a federal diversity suit in the Central District of California, even though we have no reason to believe it could not have filed the same action in a federal district court in Georgia. Although this case differs from *Grove Properties* in that the Bank brought suit in a California federal court, rather than a state court, "a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State." *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 108 (1945). Accordingly, the Bank's choice to bring its lawsuit in a federal district court in California, rather than another federal district court, satisfies the first prong of the *Grove Properties* court's analysis.

### 2.  Residency of Litigants

The *Grove Properties* court also considered whether either of the litigating parties was a California resident: "The interest of California in seeing its residents receive fair play with respect to attorney fees, when resort is made to the California courts, is a fundamental equitable policy of this state." *Grove Props. Co.*, 23 Cal. Rptr. at 813.

Christina is a resident of California.  The Bank is incorporated in Georgia, with its principal place of business in Georgia.  Because Christina is a California citizen and would be on the losing end of a non-reciprocal attorney's fees provision, the state of California has a substantial interest in applying its law to the attorney's fees dispute in this case. *See Milman*, 27 Cal. Rptr. 2d. at 529–31.

Given that both prongs of the *Grove Properties* analysis have been satisfied, we conclude that California has a materially-greater interest in seeing its fundamental policy applied in this case than Georgia has in applying its own law. The district court did not err in applying California law and awarding attorney's fees to Christina.

### E.  *Telco Leasing*

Finally, the Bank calls our attention to *Telco Leasing, Inc. v. Transwestern Title Co.*, in support of the proposition that Georgia law must be applied in this dispute.  630 F.2d 691 (9th Cir. 1980).  In *Telco Leasing*, whose facts bear some resemblance to those in the present case, we concluded that Illinois law, not California law, applied to an attorney's fees dispute.  We noted therein that the contract in *Telco Leasing* had selected Illinois law to govern any disputes concerning the agreements in that case.  *Id*. at 693.

However, *Telco Leasing* is easily distinguishable from this case because the litigants in that case originally filed suit in Illinois before transferring the case to California.  As a result, we concluded that Illinois law applied, emphasizing that "the applicable state law is that which would have been applied by the transferor court."  *Id*. at 694.  Moreover, we engaged in no choice-of-law analysis in *Telco Leasing*, which

predated the California Supreme Court's adoption of § 187 of the Restatement (Second) of Conflict of Laws. Here, by contrast, no venue transfer occurred, and California choice-of-law rules clearly apply.

## III.    Conclusion

Applying the relevant authorities to the facts in this case, we hold that the district court correctly concluded that California law, including California Civil Code § 1717(a), governs the outcome of this case, and awarded attorney's fees to Christina. We affirm the district court.

**AFFIRMED.**