**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KST DATA, INC., a California Corporation, | No. 19-55422 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:17-cv-07927-SJO-SK |
| v. | |
| DXC TECHNOLOGY COMPANY, a Virginia corporation, | MEMORANDUM* |
| Defendant, | |
| and | |
| ENTERPRISE SERVICES LLC, | |
| Defendant-counter-claimant-Appellant, | |
| v. | |
| ARMANDO TAN, | |
| Counter-defendant-Appellee, | |
| and | |
| MITCHELL EVANS, | |
| Counter-defendant. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted July 6, 2020
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and MELGREN,[**] District Judge.

Plaintiff KST Data, Inc. ("KST") contracted with Defendant Enterprise Services, LLC ("ES") to provide services to the National Aeronautics and Space Administration ("NASA"). KST sued ES following ES's nonpayment of invoices totaling over $5.4 million. ES answered and asserted counterclaims against KST and one of its principals, Armando Tan. The district court granted KST's and Tan's motions to dismiss ES's tort-based counterclaims, granted KST's motion for summary judgment on ES's contract-based counterclaims, denied ES's motion for summary judgment on the parties' breach of contract claims, and granted summary judgment sua sponte to KST on KST's breach of contract claim. Pursuant to these orders, the district court entered judgment in favor of KST, ordering ES to pay damages and prejudgment interest. ES appealed each of these orders. In a concurrently filed opinion, we reverse the district court's ruling granting KST summary judgment sua sponte on its breach of contract claim and the district

---

[**] The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

court's entry of judgment against ES. As to the remaining rulings, we affirm in part, reverse in part, and remand.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's choice-of-law determination, *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001), as well as its dismissal based on the running of a statute of limitations, *Sea Hawk Seafoods, Inc. v. Locke*, 568 F.3d 757, 764 (9th Cir. 2009). We also review de novo a district court's decision to grant summary judgment. *Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 918-19 (9th Cir. 2000).

1.     The district court properly concluded that California law, rather than New York law, governed the parties' claims. In diversity jurisdiction cases, such as this one, we apply the forum state's choice-of-law rules. *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015). California courts apply the principles set forth in the Restatement (Second) of Conflict of Laws § 187 to determine the law governing a contract with a choice-of-law provision. *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992). Under § 187, the law of the state chosen by the parties applies unless either (1) "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties [sic] choice," or (2) the "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the

particular issue." *Id.* at 465 (quoting Restatement (Second) Conflict of Laws § 187(2) (1971)). We must consider the first prong of § 187 first. *Id*. at 466. If there is no substantial relationship between the parties and the chosen state or no reasonable basis for the parties' choice of law, "that is the end of the inquiry, and the court need not enforce the parties' choice of law." *Id.*

ES concedes that there is no substantial relationship between the parties or transaction and New York. Furthermore, ES has not shown a reasonable basis for the parties' choice of New York law. Contrary to ES's argument, neither the sophistication of the parties nor the inclusion of a choice-of-law provision in a contract is sufficient to establish a reasonable basis.[1] If a reasonable basis were created simply through the inclusion of a choice-of-law provision in a contract, this would nullify the entire choice-of-law analysis that the California Supreme Court has delineated. We affirm the district court's conclusion that California law governs the parties' claims.

2.    ES does not dispute that if California law applies, the district court did

---

[1] We are not persuaded by ES's citation to *JMP Securities LLP v. Altair Nanotechnologies Inc.*, No. 11-4498 SC, 2012 WL 892157 (N.D. Cal. Mar. 14, 2012). In that case, the district court found a reasonable basis for applying the parties' choice of law because, in addition to the choice-of-law provision, the contract contained a forum selection clause under which both parties consented to personal jurisdiction and venue in the same state. *Id*. at *5. Here, the KST-ES Contract did not contain a forum selection clause designating New York as the forum for personal jurisdiction and venue.

not err in dismissing its tortious interference counterclaims under the applicable California statute of limitations. Therefore, we affirm the district court's dismissal of these claims.

3.     The district court erroneously dismissed ES's fraudulent and negligent misrepresentation claims as time-barred. Section 338(d) of the California Code of Civil Procedure provides that the statute of limitations for a claim of fraud or mistake is three years. "[T]he statute begins to run when the 'cause of action accrues.'" *Thomas v. Canyon*, 198 Cal. App. 4th 594, 604 (2011) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005)). Fraudulent and negligent misrepresentation claims accrue when the aggrieved party (1) discovers the conduct causing the loss and (2) sustains actual damage. *Lederer v. Gursey Schneider LLP*, 22 Cal. App. 5th 508, 521 (2018); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988).

KST filed suit in September 2017, and ES asserted its counterclaims in November 2017. In its counterclaims, ES alleged that it discovered KST's secret arrangement with DME Products and Systems, Inc. ("DME")[2] in mid-2014.[3] But because ES did not sustain injury until NASA denied payment, the statute of limitations began to run, at the earliest, in December 2014—when NASA first

---

[2] ES contracted with DME to perform some of the services ES was obligated to provide under its contract with NASA.

[3] For further explanation of ES's allegations see the discussion at paragraph 7.

notified ES that it was going to impose a retainage penalty. *See, e.g., City of Vista v. Robert Thomas Sec., Inc.*, 84 Cal. App. 4th 882, 887 (2000) (stating that when damages are an element of the offense, the cause of action does not accrue until the aggrieved party suffers pecuniary loss).[4] The December 2014 date is less than three years before KST filed suit and ES filed its counterclaims. Therefore, ES's fraudulent and negligent misrepresentation claims are not time-barred under California's statute of limitations. We reverse the district court's dismissal of these claims and remand.

4. The district court dismissed ES's civil conspiracy claim against KST because it found that KST failed to allege a colorable tort claim. Because we have reinstated ES's fraudulent and negligent misrepresentation claims, we vacate the district court's dismissal of the conspiracy claim and remand.

5. The district court dismissed ES's counterclaims against Tan for the same reasons it dismissed ES's tort-based counterclaims against KST. The district court correctly determined that California law governs ES's counterclaims against Tan because he was not a party to the KST-ES Contract and not bound by its choice-of-law provision. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 293

---

[4] The district court's motion to dismiss order states that NASA informed ES in December 2014 that it would not be receiving its payments. The parties do not dispute this date on appeal, although it's not clear from ES's Answer, Affirmative Defenses, and Counterclaims when NASA informed ES it was denying payment.

(2002) ("It goes without saying that a contract cannot bind a nonparty."). But for the same reasons discussed above, the district court erred in concluding that the fraudulent and negligent misrepresentation claims against Tan were time-barred and that there was no underlying tort claim to support the conspiracy claim against Tan. Accordingly, we reverse the district court's dismissal of these claims.

6.      ES contends that KST breached section 4.2 of the Resale Master Agreement ("RMA")[5] by performing work that DME contracted to perform for ES. RMA section 4.2 prohibited KST from performing any "Services" for ES or incurring any expenses or costs until ES issued a purchase order. The term "Services" is a defined term in the RMA, limited to certain services KST was to provide to ES under the agreement. Section 4.2 does not apply to services KST performed under a separate arrangement with DME regardless of whether those services benefited ES. Because we hold that KST did not breach section 4.2 of the RMA, we affirm (1) the district court's grant of summary judgment in favor of KST on ES's breach of contract claim and (2) the district court's denial of summary judgment to ES on ES's breach of contract claim.

7.      The district court erred in granting summary judgment to KST on ES's indemnification claim. Section 10.1 of the RMA required KST to indemnify

_____

[5] The RMA set forth the terms and conditions under which ES purchased products and services from KST.

ES for claims, losses, or damages resulting from:

> a) any act or omission, whether active or passive and whether actual or alleged, or willful misconduct of [KST] or its Personnel;

> b) the breach of this Agreement by Supplier or its Personnel of any of its contractual obligations, covenants, undertakings or promises under this Agreement; or

> c) property loss, damage, personal injury or death, sustained by Supplier or by any of Supplier's Personnel.

The district court concluded that ES was not entitled to indemnification because KST did not breach its contractual obligations to ES. While this conclusion addresses subsection (b) of section 10.1, it ignores subsection (a), which required KST to indemnify ES for KST's acts or omissions or willful misconduct resulting in loss to ES. The language of subsection (a) is so broad and inclusive that there is a genuine issue of material fact whether KST's alleged misconduct triggered this clause. Viewing the facts in the light most favorable to ES, KST represented that DME performed work for the ACES Contract[6] when in fact KST performed the work. KST knew that ES needed DME's small business certifications to comply with the ACES Contract. As a result, ES fell out of compliance and NASA imposed a retainage penalty. Whether such conduct constitutes "any act or

---

[6] The "ACES Contract" is the contract ES entered into with NASA to provide information technology-related hardware, services, and labor. As part of the ACES Contract, ES agreed to subcontract a certain percentage of the work to various types of small businesses in exchange for financial incentives.

omission" or "willful misconduct" resulting in loss to ES is an issue for the jury to decide. The district court therefore erred in granting summary judgment to KST on ES's indemnification claim.

8. The district court properly granted summary judgment to KST on ES's claim of breach of the implied covenant of good faith and fair dealing. "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *Carma Dev. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 371 (1992) (citation and internal quotation marks omitted). "[T]he scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Id.* at 373 (citation omitted). In this case, ES relied on KST's alleged "pass-through" relationship with DME as evidence of KST's breach of the implied covenant of good faith. Section 1.1 of the RMA, however, limited the scope of the KST-ES Contract to KST's provision of products and services to ES under that agreement. The contract does not extend to KST performing work for DME, and thus KST's allegedly improper relationship with DME does not violate the covenant of good faith and fair dealing arising from the KST-ES Contract. We affirm the district court's grant of summary judgment to KST on this counterclaim.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

Each party shall bear its own costs on appeal.

19-55422