**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IMAN REZANEZHAD GATABI,<br><br>       Plaintiff - Appellant,<br><br> v.<br><br>TARGET CORPORATION,<br><br>       Defendant - Appellee,<br><br>and<br><br>UNITED STATES FOOD AND DRUG ADMINISTRATION, ROBERT CALIFF, Commissioner, U.S. Food and Drug Administration, in his official capacity as Commissioner, United States Food and Drug Administration, TRADER JOE'S COMPANY, SAFEWAY, INC., NATURAL GROCERS, VITAMIN COTTAGE NATURAL FOOD MARKETS, INC.,<br><br>       Defendants. | No. 25-316<br><br>D.C. No.<br>3:24-cv-02398-LB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 22, 2026[]
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Iman Rezanezhad Gatabi appeals pro se from the district court's judgment dismissing his diversity action alleging state law personal injury claims.[1] Rezanezhad Gatabi, a current resident of California, filed suit in the Northern District of California against Target and other grocery retailers alleging he suffered mercury poisoning by consuming large amounts of seafood he purchased in California and North Dakota from 2016 to 2020. On appeal, his primary contention is that the district court should have applied North Dakota's six-year statute of limitations because he consumed some of the seafood while living there. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly concluded that California law, rather than North Dakota law, governed Rezanezhad Gatabi's claims against Target. In diversity jurisdiction cases, we apply the substantive law of the forum where the court is located, which in this case is California. *First Intercontinental Bank v. Ahn*, 798 F.3d 1149, 1153 (9th Cir. 2015). California courts apply the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Rezanezhad Gatabi only appeals the district court's dismissal of his claims against Target.

"governmental interest" approach to conflict of law issues, in which the correct choice of law depends on the respective interests of the states involved. *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 928-29 (9th Cir. 2019) (quoting *Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 922 (Cal. 2006)).

Rezanezhad Gatabi argues that the district court erred by not considering his claims against Target separately from his claims against the other defendants in applying the governmental interest test. This framing is belied by Rezanezhad Gatabi's own complaint, which asserts a single negligence claim alleging a cumulative injury caused by the actions of all the grocery store defendants.

Applying California's choice-of-law rules, the district court correctly concluded that California's statute of limitations applies to this case. Rezanezhad Gatabi began experiencing symptoms in 2018, but he did not initiate his lawsuit until April 2024. California has a two-year statute of limitations for most tort claims alleging personal injury, *see* Cal. Civ. Proc. Code § 335.1, whereas North Dakota's statute of limitations is six years, *see* N.D. Cent. Code Ann. § 28-01-16(5).

We agree with the district court that, in light of these "claims brought in a California court by a California resident regarding products sold in California stores," California has a stronger interest than North Dakota in seeing its laws applied to this case. *See Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085, 1095

n.5 (9th Cir. 2021). As pled in the operative complaint, no party to this lawsuit is a resident of North Dakota, and the vast majority of Rezanezhad Gatabi's seafood purchases were in California.[2] We therefore affirm the district court's dismissal of Rezanezhad Gatabi's claims against Target as time-barred because he failed to file his action within California's two-year statute of limitations for personal injury actions. To the extent Rezanezhad Gatabi contends that delayed discovery tolled his claims, we agree with the district court that he fails to demonstrate entitlement to tolling under California law. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917 (Cal. 2005).

2. Rezanezhad Gatabi does not dispute that, if California law applies, any allegations of emotional distress are duplicative of his untimely negligence claim. *See Burgess v. Superior Court*, 831 P.2d 1197, 1200 (Cal. 1992). Accordingly, even if Rezanezhad Gatabi's claims were not-time barred, the district court properly dismissed his contentions of emotional distress for this additional reason.

**AFFIRMED**.

---

[2] Rezanezhad Gatabi incorrectly factors the 131 purchases from Natural Grocers in North Dakota into his purchase calculation on appeal, but the district court previously dismissed his claims against Natural Grocers for lack of personal jurisdiction. Excluding Natural Grocers, 151 out of 181 of Rezanezhad Gatabi's seafood purchases were in California.